USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __3/31/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS SIMONSEN,

                    Plaintiff,

        -against-

KSH AVIATION LLC, et al.,

                    Defendants.

25-CV-00266 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

The Court assumes familiarity with the facts and procedural history of this matter. Before the Court is Defendants' motion to dismiss (Dkt. No. 7). Because Plaintiff has stated a claim for relief, the motion to dismiss is DENIED.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must assume all well-pled facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012); *see also A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993) ("[A]ll allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party."). The complaint meets this standard.

The timing of Plaintiff's termination and the comments alleged to have been made by Defendant Jeffrey Kelter support an inference of discrimination and retaliation. Dkt. No. 1 ¶¶ 30–33, 38; *Ulrich v. Soft Drinks, Brewery Workers & Delivery Emps.*, 425 F. Supp. 3d 234, 241 (S.D.N.Y. 2019) (determining at the pleading stage an employee could show a causal connection between a complaint and his termination where he was terminated two months after

1

engaging in protected activity).  However marginally, Plaintiff's allegations also suffice to meet Title VII's numerosity requirement at this stage of the case, *id.* ¶¶ 24–25, and to show that Defendants were joint employers, *id.* ¶ 1 (alleging individual defendants are high-net-worth businessmen who control corporations that collectively own the private jets integral to corporate defendants' business); ¶¶ 7–9 (alleging corporate defendants shared an address); *id.* ¶ 25 (alleging individual defendants "substantially controlled the terms and conditions of Plaintiff's employment"); *id.* ¶ 26 (alleging individual defendants vetted pilots before hiring).

Plaintiff's breach of contract and unpaid wage claims also survive because "the issue of whether unpaid compensation constitutes a discretionary bonus or nonforfeitable earned wages is a question of fact." *Bader v. Wells Fargo Home Mortg. Inc.*, 773 F. Supp. 2d 397, 416 (S.D.N.Y. 2011).  Furthermore, "that the exact amount of the promised bonus payments is not specified is not fatal to plaintiff's claim." *Bravia Capital Partners, Inc. v. Fike*, No. 09-CV-06375, 2011 WL 6081345, at *5 (S.D.N.Y. Dec. 6, 2011) (quoting *Giuntoli v. Garvin Guybutler Corp.*, 726 F. Supp. 494, 509 (S.D.N.Y. 1989)).

Lastly, the Court will deny the motion to strike without prejudice to renewal if necessary at a later date.  The claimed prejudice, Dkt. No. 8 at 23, is entirely unsupported and the claimed prospect for "confusion," *id.* at 24, is unlikely at this stage of the case.

The Court will enter a separate Order referring the parties to mediation, consistent with this district's standing order on counseled employment discrimination cases.  The parties are directed to participate in the mediation in good faith, and to submit a joint status letter to the Court within 7 days of the mediation conference, regarding the status of settlement and

appropriate next steps, if any, in this matter.

The Clerk of Court is respectfully directed to terminate Dkt. No. 7.

Dated: March 31, 2026
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge

3