KLEINBERG KAPLAN

**David M. Levy**
*E-Mail: dlevy@kkwc.com*
*Direct Dial: 212.880.9894*

September 2, 2026

**VIA ECF**

Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Courtroom 906
New York, NY 10007

**Re: *Simonsen v. KSH Aviation LLC, et al.*, No. 1:25-cv-00266 (MMG)**

Dear Judge Garnett:

We represent Defendants in the above-referenced matter. Pursuant to Rule I.B.5 of Your Honor's Individual Rules and Practices, we respectfully submit this letter-motion requesting an extension of the remaining deadlines set forth in the Civil Case Management Plan and Scheduling Order dated July 9, 2026 (ECF No. 21) (the "Scheduling Order").

Following the Initial Pretrial Conference on July 8, 2026, the Court entered the Scheduling Order in substantially the same form as proposed by Plaintiff's counsel. The Scheduling Order states, among other things, that "the parties [did not] anticipate significant e-discovery" in this matter. *See* Scheduling Order at 4. However, between July 14, 2026 and July 20, 2026, Plaintiff's counsel served twenty-two sets of discovery requests on Defendants. These requests included, most notably, eight separate Requests for the Production of Documents directed to each of the Defendants, containing 207 document requests in total, as well as a deposition notice to defendant Jeffrey Kelter containing ten additional document requests. As recently as this past Sunday, August 30, 2026, Plaintiff's counsel served additional deposition notices to defendants Michael Fascitelli and Robert Savage, each of which contained twelve additional document requests, raising the total document requests served by Plaintiff's counsel to 241. Copies of the Requests for the Production of Documents and Deposition Notices are annexed hereto as Exhibits A-K.

Although this case ostensibly concerns only the termination of Plaintiff's employment, Plaintiff has substantially expanded the scope of this dispute—and, thus, the scope of discovery—by naming eight separate Defendants, each of whom Plaintiff claims was his employer under federal or state law, and seeks discovery designed to support that theory of recovery. As a result, Plaintiff seeks documents for a nearly *eight-year period*. Defendants have objected to the overbreadth of this time period, but even when limiting the collection of documents to a more narrow and reasonable approximately four-year period covering Plaintiff's employment, the volume of documents involved is substantial.

Defendants have been engaged in good faith efforts to identify sources of potentially responsive documents and to collect those documents for review and production, but the actual

collection of those documents has taken substantially longer than anticipated. Defendants do not have a designated e-discovery team that can devote substantial time and resources to the collection of documents. Rather, executives of the entity defendants needed to identify the relevant set of electronic communications across internal data repositories. Once this universe was identified and the timeline and structure of the data exports were established, the actual collection process required considerable time and attention from those executives, who simultaneously needed to fulfill their obligations in the ordinary course of their employment, and required substantial support from external IT personnel and the personnel of Defendants' external third-party e-discovery vendor, over whom Defendants do not have direct control. Additionally, the individual defendants conducted searches over their text messages and personal email accounts, which required attention and support from their individual staff and IT personnel, as applicable.

Even under the most optimal conditions, the collection process would have been extremely time-consuming. But here, the burdens were amplified by the volume of data Defendants were required to collect as a result of the extremely broad requests served by Plaintiff. Defendants were required to collect over *450 gigabytes* of data from *thirteen custodians, including Plaintiff*, given that Plaintiff's work emails from the time during which he was employed by KSH Aviation LLC are still in KSH Aviation LLC's possession. Once collected, that data needed to be transferred to Defendants' external e-discovery vendor for processing, which itself required significant time and was further complicated by technical challenges due to the sheer volume of data. The vendor now is in receipt of the full volume of data, which has been deduplicated and processed into a database for review and production. While Defendants are still refining search terms and the relevant time period, we currently estimate tens of thousands of documents requiring review.

To further complicate matters, and as was previewed to the Court by letter dated July 1, 2026 (ECF No. 19), my colleague, Alisa Benintendi, the attorney primarily responsible for the work done by our firm to date concerning this matter, including document collection, will begin maternity leave within the next few weeks. Ms. Benintendi has been the sole associate in our Litigation group for the entirety of the document collection process. Our firm recently hired an additional Litigation associate as of August 17, 2026, and in order to provide further coverage during Ms. Benintendi's absence, the firm also retained a contract attorney designated to the Litigation group as of September 1, 2026. Unfortunately, the time needed to transition matters from Ms. Benintendi to the covering attorneys has further complicated an already extremely burdensome discovery process.

For the reasons set forth above, Defendants respectfully request an extension of the September 8, 2026 deadline for the production of responsive documents to November 6, 2026, and a commensurate extension of the November 5, 2026 fact discovery cutoff to January 5, 2027 to permit sufficient time for depositions following the production of documents.

The parties have been engaged in active discovery for one and one-half (1-1/2) months, and there have been no previous requests for an extension of these deadlines. Plaintiff does not consent to this extension. While Plaintiff's counsel indicated flexibility as to an extension of the

KLEINBERG KAPLAN

Hon. Margaret M. Garnett
September 2, 2026

document production deadline, Plaintiff's counsel would not agree to extend the fact discovery cutoff beyond November 5, 2026, insisting instead that document production and depositions occur simultaneously and that the Defendant witnesses should be required to appear a *second time* for deposition if warranted based on subsequent document discovery. The parties therefore reached an impasse, necessitating this letter-motion.

We thank the Court for its attention to this matter.

Respectfully submitted,

David M. Levy

Enclosures

cc: All Counsel of Record

GRANTED in part. The close of fact discovery is EXTENDED to **December 5, 2026**. The parties should work to minimize wasted resources, including those associated with unnecessarily deposing witnesses more than once, however, Defendants are ORDERED to provide Plaintiff with proposed deposition dates by **Friday, September 11, 2026**.

The parties are free to manage interim deadlines between now and December 5 as they choose, so long as they can agree on appropriate deadlines, but are on notice that the Court is unlikely to grant further extensions absent very good cause, and that the Court does not consider the parties' inability to agree on a reasonable schedule to be good cause. If the parties would find a conference with the Court beneficial, they may request one at any time.

Plaintiff's motion at Dkt. No. 25 is DENIED as moot.

SO ORDERED. Dated September 8, 2026.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE